UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case number 1:04cv0001 TCM ) |
| THE ESTATE OF SCOTTIE STEPHEN BARNETT, Deceased, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND PAY-OUT ORDER

By Memorandum and Order of August 9, 2006, the Court granted the motion for summary judgment filed by The Estate of Scottie Stephen Barnett, Susan B. Barnett, and Laurie L. Barnett-Ganaway (hereinafter collectively referred to as the "Barnett parties") and denied the motion for summary judgment filed by J. G. Wentworth, S.S.C., a Limited Partnership ("JGW"). The Court specifically found that the Settlement Agreement that gave rise to Liberty Mutual Insurance Company's obligation to make future payments to decedent Scottie Stephen Barnett in specific amounts did not give rise to a claim against either Liberty Life Assurance Company of Boston or Liberty Mutual Insurance Company by JGW for any rights under the annuity at issue. This ruling did not, however, resolve the questions of which of the three prevailing parties, i.e., The Estate of Scottie Stephen Barnett, Susan B. Barnett, and Laurie L. Barnett-Ganaway, were entitled to what amount of the interpleaded funds already paid into the Registry of the court, to what amount of the future payments owed under the annuity, and to what percentage of the accrued interest, minus any

administrative fee. These questions were not resolved because Barnett parties represented in their motion that they had settled those questions among themselves, but they did not inform the Court of the terms of that settlement.

Consequently, the Court must now fashion a pay-out order that reflects its summary judgment ruling and directs the pay-out of the funds and interest paid to date and the future payments owed under the annuity without resolving any competing claims among the Barnett parties. The proposed pay-out order submitted by the Barnett parties simply directs the disbursement checks to be made payable to the Limbaugh, Russell, Payne & Howard Trust Account to be distributed among the Barnett parties as those parties have agreed. The Court can only assume that the future payments are to be similarly directed and distributed.

Accordingly, after due consideration and in accordance with Local Rule 13.04(D)(2) of the Eastern District of Missouri, the Court orders as follows:

1. The amount of principal paid into the Registry of the Court by Liberty Life Assurance Company upon the direction of Liberty Mutual Insurance Company is, as of today's date, the sum of $126, 800.00.

2. This sum, plus any additional monies paid into the Registry of the Court by Liberty Life Assurance Company upon the direction of Liberty Mutual Insurance Company after today's date and before disbursement of the principal, is to be disbursed to the Limbaugh, Russell, Payne & Howard Trust Account to be distributed to the Estate of Scottie Stephen Barnett, Susan B. Barnett, and Laurie L. Barnett-Ganaway as they have agreed. The disbursement check is to be made payable to the Limbaugh, Russell, Payne &

Howard Trust Account, tax ID number 43-1155958, and is to be mailed to the Trust Account at Post Office Box 1150, Cape Girardeau, MO., 63702-1150.

3. The amount of accrued interest is, as of September 19, 2006, $1,948.21. This interest, minus the applicable administrative fee pursuant to the General Order of January 10, 1991, and plus any additional accrued interest before disbursement, is to be disbursed to the Limbaugh, Russell, Payne & Howard Trust Account to be distributed to the Estate of Scottie Stephen Barnett, Susan B. Barnett, and Laurie L. Barnett-Ganaway as they have agreed. The disbursement check is to be made payable to the Limbaugh, Russell, Payne & Howard Trust Account, tax ID number 43-1155958, and is to be mailed to the Trust Account at Post Office Box 1150, Cape Girardeau, MO., 63702-1150.

The Court further orders that the foregoing disbursements are to be made as soon as practicable after the time for all parties' filing an appeal has elapsed following the entry of final judgment. In the event that any party files a timely notice of appeal, the Clerk shall continue to hold the monies currently in the Registry of the Court until the final resolution of the appeal of the case or until further order of this Court.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2006.